Mead v. Bateman.

———————————————  |

LAURA MEAD, Respondent, *against* MILLIE BATEMAN *et al.,* Appellants.

| (Decided April 5th, 1880.)

In an action of claim and delivery of personal property brought in a district court in the city of New York, judgment was rendered in favor of the plaintiff and execution issued and the property claimed was restored to the plaintiff. The judgment having been reversed on appeal to this court, an application was made by the defendants for restitution of the property, the provisions of the Code of Civil Procedure in respect to such applications not yet having gone into effect. *Held,* that under the Code of Procedure (§ 369), this court had no power to order restitution of the property ; and the failure of the legislature to give such authority must be regarded as a *casus omissus.*

MOTION for restitution of personal property taken under an execution.

Mead *v.* Bateman.

The grounds of the motion are stated in the opinion.

VAN HOESEN, J.—The plaintiff brought an action of claim and delivery of personal property against the defendants, and recovered judgment, upon which execution was issued, and the property claimed was placed in possession of the plaintiff. Upon appeal to this court, the judgment was reversed, and the defendants now ask for an order that the property of which they were deprived by the execution be restored to them. The motion is resisted on two grounds: first, that the application ought to have been made at the argument of the appeal, and, secondly, that section 369 of the Code gives no power to this court to order the restitution of anything but money.

The first objection is not tenable: section 369 expressly provides that the application may be made either at the hearing, or afterwards on six days' notice.

The second objection presents a question of more difficulty. When section 369 became the law, justices' courts had not jurisdiction of actions of claim and delivery. The jurisdiction was conferred upon them by the act of 1861. The district courts of the city of New York acquired their present jurisdiction of those actions in 1862. When section 369 took effect, the only actions which could be brought by appeal from the inferior courts to the common pleas or to the county courts were actions in which a money judgment could be rendered, and for that reason section 369 provided only for the restoration of "money paid or collected." When the jurisdiction of the inferior courts was enlarged so as to embrace actions of claim and delivery, no change was made in the language of section 369, so that to-day it provides for the restoration of nothing else than money. I am aware that a plausible argument may be made in favor of so construing that section that it shall cover any case brought to this court by appeal from a district court, and that it may be urged that the intent of the legislature was to confer upon this court the right to order restitution wherever it has the power to reverse an erroneous judgment, but a safer construction is to interpret words of plain meaning in their ordinary sense, and to regard the

failure to give any authority to this court to order the restitution of property in a case like this as a *casus omissus*. The latest decision illustrative of this rule of construction is that of the supreme court of the United States in *United States* v. *Barryman*, vol. 21 Albany Law Journal, page 194, a case, the principle of which is decisive of the case at bar. Broom, in his work on Legal Maxims, says (marg. p. 60), that in expounding remedial laws, the courts will extend the remedy as far as the words will admit, but that where a case occurs not foreseen by the legislature it is the duty of the judge to declare it a *casus omissus*.

The fact is that when the new jurisdiction was conferred upon the inferior courts the attention of the legislature was not drawn to the narrow language of section 369. That the section was originally drawn with care, and with special reference to the jurisdiction of the inferior courts as it then existed, is shown by a comparison of its language with the terms of section 330, Code of Procedure. The latter section provides that on reversing a judgment "the appellate court may make complete restitution of all property and rights lost by the erroneous judgment." This obviously extends to all sorts of actions, and is in substance the provision which Mr. Throop proposes, in his nine chapters—not yet the law of the State— to substitute for section 369. The difference of phraseology in the two sections, 330 and 369, shows that it was not the intention of the legislature to give to the court of common pleas or to the county courts any greater power than was necessary at that time to redress the errors of inferior courts acting within their jurisdiction as it then existed.

Section 1323, on which the counsel for the appellants relies, applies only to appeals regulated by chapter 12 of the Code of Civil Procedure, and does not bear upon the question here presented.

At best, since there has been no final determination that the property belongs to the defendants (56 N. Y. 671), the order applied for is discretionary, and though it be refused, the appellants may resort to their common-law remedy to recover from the respondent either the property or its value.

The motion is denied, but, as the question is new, without costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Motion denied.